10-3837-ag
Li v. Holder

BIA
Mulligan, IJ
A089 255 843

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of June, two thousand twelve.

PRESENT:
>       DENNIS JACOBS,
>               *Chief Judge,*
>       ROSEMARY S. POOLER,
>       DEBRA ANN LIVINGSTON,
>               *Circuit Judges.*

_____

ZU DONG LI,
>       *Petitioner,*

>       v.                                      10-3837-ag
>                                               NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:        Adedayo O. Idowu, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; David V. Bernal, Assistant Director; Yedidya Cohen, Trial Attorney, Office of Immigration Litigation, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zu Dong Li, a native and citizen of China, seeks review of a September 1, 2010, order of the BIA affirming the December 8, 2008, decision of Immigration Judge ("IJ") Thomas J. Mulligan pretermitting his application for asylum and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Zu Dong Li*, No. A089 255 843 (B.I.A. Sept. 1, 2010), *aff'g* No. A089 255 843 (Immig. Ct. N.Y. City Dec. 8, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions. *See Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the agency's adverse credibility determination. Under the REAL ID Act, which

applies to Li's application for relief, "a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant." *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ found that Li "was providing a memorized script as opposed to describing real life events" and that "[h]is answers were sometimes not even responsive to the questions that were asked." By way of example, the IJ noted that, when Li was asked whether he had departed the United States since the time of his latest documented arrival, Li responded "I suffered persecution in China." Li argues that the IJ determined that he was providing scripted testimony due to this single non-responsive answer. However, this was not the only non-responsive answer Li offered during his testimony. When Li was asked to give his "true, full and correct name," he responded "[m]y full name is apply for political asylum." A reasonable fact-finder would not be compelled to accept Li's explanations in his brief that he was nervous, misunderstood the question, that the interpreter made a mistake, or that he subsequently corrected the errors. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Furthermore, despite Li's argument that he "spoke both Mandarin and Foo Chow dialect, which would have caused confusion at the hearing," Li was provided

3

a Foo Chow interpreter, stated that he preferred to testify in the Foo Chow dialect, indicated that he understood the translator, and, contrary to instruction, did not inform the court that he was unable to understand the translation. To the extent the IJ's determination that Li provided non-responsive answers is construed as a demeanor finding, it is subject to particular deference. *See Majidi*, 430 F.3d at 81 n.1 (the IJ "is in the best position to discern, often at a glance, whether . . . a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted 'script'").

Although Li also argues that the IJ erred in finding that he failed to provide sufficient details regarding his five-day detention without seeking to elicit those details through specific questions, the IJ did in fact probe for additional details by asking Li "what did you do during each day? What was it like? Where specifically were you held? What were the conditions like? And anything else that comes to mind." *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003) (when an applicant gives "spare" testimony, the fact-finder may "fairly wonder whether the testimony is fabricated," and "may wish to probe for incidental

4

details"); *cf. Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 114 (2d Cir. 2005) (holding that the record did not support the agency's adverse credibility finding in the absence of additional probing).

Ultimately, because the credibility determination is supported by substantial evidence, *see* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008), the agency did not err in denying Li's application for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). As the adverse credibility determination is dispositive, we do not address Li's additional arguments.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5